UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN YESKA,

                  Plaintiff,                          Case No. 16-cv-12395

v.                                      Honorable Thomas L. Ludington
                                              Magistrate Judge Patricia T. Morris

EXPERIAN INFORMATION
SOLUTIONS, INC., et al

                  Defendant.

_____/

**ORDER DISMISSING SHOW CAUSE AND GRANTING MOTION FOR
DEFAULT JUDGMENT**

On June 24, 2016, Defendant Trans Union removed this case from the 70-1st Division

District Court for Saginaw County, Michigan. ECF No. 1. Plaintiff Yeska's complaint alleges

violations of the Fair Credit Reporting Act related to certain "trade lines" that Yeska opened in

order to pay for college. Yeska admits that he never made any payments on the lines, but

disputes the reporting of those trade lines on his credit reports. All pretrial matters were referred

to Magistrate Judge Patricia T. Morris. ECF No. 6. Although only Trans Union was served prior

to removal, the other Defendants were subsequently served. Defendant American Student

Assistance Corporation ("ASAC") did not file an answer to the complaint after being served. On

August 24, 2016, Plaintiff Yeska filed a request for a clerk's entry of default. ECF No. 33. The

same day, the clerk's office entered a default as to Defendant ASAC.

On May 8, 2017, the Court entered a stipulated order which dismissed all claims against

Defendant Trans Union, LLC, with prejudice. ECF No. 47. Because Defendant ASAC was the

only remaining Defendant and Yeska had not moved for default judgment, the Court ordered

Yeska to show cause why the case should not be dismissed for failure to prosecute. ECF No. 48. On May 22, 2017, Yeska filed a motion for default judgment against Defendant ASAC. ECF No. 49. Yeska also file a response to the show cause. ECF No. 50. Because Yeska is now prosecuting the defaulted Defendant, the show cause will be dismissed. And, because Yeska is seeking reasonable damages, the motion for default judgment will be granted.

## I.

A judgment by default may be entered against a defendant who has not pleaded or otherwise defended against an action. Fed. R. Civ. P. 55(b). Before a default judgment may enter, a party first must obtain a default. Fed. R. Civ. P. 55(a). Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction. *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Here, Plaintiff properly obtained a default against Defendant ASAC, and the clerk certified that a notice of default was served on Defendant ASAC.

After a party secures the entry of default, the party may apply for a default judgment. Fed. R. Civ. P. 55(b). In reviewing an application for a default judgment, "[t]he court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). The Court must determine the propriety and amount of the default judgment where the damages sought are not for a sum certain. *See* Fed. R. Civ. P. 55(b). "Ordinarily, the

District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

## II.

In his complaint, Yeska alleges that ASAC negligently violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ECF No. 1. Generally, Yeska alleges that several credit reporting agencies left delinquent trade lines on his credit files past the seven year time limit allowed by the FCRA. Despite Yeska's attempts to get the "errant trade lines" removed from his credit files, Defendants did not do so. Although Defendant ASAC was specifically informed that Yeska was challenging the accuracy of the information that ASAC was providing to the credit reporting agencies, ASAC did not "conduct a proper reinvestigation of Mr. Yeska's dispute." Compl. at 9.

## III.

Yeska's allegations are sufficient to establish a willful violation of the FCRA. However, under § 1681n(a)(1)(A), Yeska's damages are capped at $1,000. Because Yeska is seeking reasonable damages, there is no need for an evidentiary hearing. Yeska will be awarded $1,000 in statutory damages.

Yeska further seeks $2,222 in attorney fees. § 1681n(a)(3) of the FCRA allows for recovery of reasonable attorney fees in "any successful action." Here, Yeska has prevailed and so his counsel is entitled to attorney fees. The starting point in determining the reasonableness of

attorneys' fees is the "lodestar" method. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). Under this method, a reasonable rate is calculated by multiplying "the number of hours reasonably expended" by "a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotation marks omitted). "Next, the resulting sum should be adjusted to reflect the result obtained." *Id.* (internal quotation marks omitted). Adjustments may be made "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

Yeska has attached relatively detailed billing records to his motion and so no evidentiary hearing is necessary. *See* Mot. Judg., ECF No. 49, Ex. 1. Yeska seeks payment for only 12.2 hours of billing, which is facially reasonable. 1.9 of those hours were billed by attorneys Shackleford and Schwartz at $300 per hour. 10.3 hours were billed by paralegals at a rate of $140 per hour. Yeska is also seeking recovery of $210 in costs incurred in litigating this case. Considering the procedural history of the case, 12.2 hours is a reasonable amount of time to bill. The billing rates are also very competitive when compared to the median billing rates for Michigan attorneys practicing consumer law. *See* 2014 Economics of Law Practice Survey, ECF No. 49, Ex. 3 (listing the median billing rate for consumer law attorneys at $335 per hour). Because Yeska has prevailed in his suit and is requesting reasonable attorney fees, he will be awarded $2,222 in attorney fees.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Yeska's motion for entry of default judgment, ECF No. 49, is **GRANTED.** The Judgment will be entered separately.

It is further **ORDERED** that the order to show cause, ECF No. 48, is **DISMISSED.**

Dated: June 1, 2017                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on June 1, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager